United States Courts
Southern District of Texas
FILED

DEC 05 2014

David J. Bradley, Clerk of Court

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-20699
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 5, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

       Plaintiff-Appellee

v.

ALONZO HORACE HARRIS, also known as Lonnie Mac,

       Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:11-CR-679-4

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:*

  Defendant-Appellant Alonzo Horace Harris was convicted of one count of conspiring to commit bank robbery, three counts of bank robbery, and one count of using a firearm in furtherance of a crime of violence. The district court sentenced him to serve 480 months in prison and a five-year term of supervised release, and he was also ordered to pay $323,613 in restitution. On appeal,

---

 * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20699

Harris argues that his plea was involuntary because the district court neglected to inform him about restitution at rearraignment.

When, as here, no objection is made to a Rule 11 error, our review is for plain error only. *United States v. Vonn*, 535 U.S. 55, 59 (2002). Under that standard, we will not correct an alleged error unless (1) the complained-of ruling is indeed wrong, (2) the error is "clear or obvious," and (3) the error "affects substantial rights." *United States v. Mares*, 402 F.3d 511, 520-21 (5th Cir. 2005) (internal quotation marks and citation omitted). If all of these conditions are met, we may, in our discretion, correct the forfeited error, but we will do so only if the error "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* at 520 (internal quotation marks and citation omitted).

A review of the rearraignment transcript confirms that the district court did not admonish Harris regarding the imposition of a restitution order. *See* FED. R. CRIM. P. 11(b)(1)(K). Nevertheless, the plea agreement and the district court's rearraignment colloquy informed Harris that he faced a maximum fine of $1,000,000. As the amount of restitution imposed was less than the maximum potential fine cited by the district court, Harris cannot show that his substantial rights were affected by the district court's omission. *See United States v. Glinsey*, 209 F.3d 386, 395 (5th Cir. 2000). The judgment of the district court is AFFIRMED.